# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **REYNALDO NAVARRO**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:23-cv-364 |
| **GLOBAL SOLUTIONS ELECTRONICS COMPANY**, a Florida corporation, and **SCOTT SMITH**, an individual, | Judge: |
| | Mag. Judge: |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **REYNALDO NAVARRO** ("**NAVARRO**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Fair Labor Standards Act (FLSA), Omnibus Crime Control and Safe Streets Act (OCCSSA), 18 U.S.C.S. § 2510 *et seq.*, Florida Whistleblower Act (FWA) and Florida common law for (1) retaliation in violation of the FLSA, (2) violation of the OCCSSA, (3) retaliation in violation of the FWA, and (4) breach of contract.

## PARTIES

2. The Plaintiff, **REYNALDO NAVARRO** ("**NAVARRO**") is an individual and a resident of Florida who currently resides in Lee County, Florida,

1

and who performed services for the Defendant in Lee County, Florida. **NAVARRO** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **GLOBAL SOLUTIONS ELECTRONICS COMPANY** ("**GLOBAL**") is a Florida corporation. Its principal place of business is in Lee County, Florida. **GLOBAL** is an independent stocking distributor of commercial through military-level electronics components, and it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **GLOBAL**'s employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as electronics that are from out-of-state suppliers. **GLOBAL** ships electronics to interstate customers. **GLOBAL** collects monies, most of which is from out-of-state and international financial institutions. **GLOBAL** has more than $500,000 in annual gross income. **GLOBAL** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like **NAVARRO**. **GLOBAL** supervised and controlled **NAVARRO**'s work schedules and conditions of employment, in addition to determining the rate and method of payment for **NAVARRO**. **GLOBAL** maintains employment records of **NAVARRO**. **GLOBAL** was the employer of **NAVARRO**. **GLOBAL** advises its employees that overtime is often required,

particularly sales positions, which "require 10-15 additional hours per week of homework."

4. Defendant **SCOTT SMITH** ("**SMITH**") is the owner of **GLOBAL** and is domiciled in Lee County, Florida.

5. At all times relevant to the instant action, **GLOBAL** was **NAVARRO**'s employer within the meaning of the FLSA and FWA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over **NAVARRO**'s state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the United States District Court for the Middle District of Florida because **NAVARRO** resides in, and **GLOBAL** conducts business in, and some or all of the events giving rise to **NAVARRO**'s claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

9. **NAVARRO** was hired by the Defendant on or about January 4, 2022 and was employed as an excess inventory manager. He was paid a salary of $150,000 per year, and was to receive bonuses pursuant to a contract between the parties. (*See* Exhibit 1 – Commission Agreement).

10. Shortly after beginning his employment, **NAVARRO** observed that the Defendants had a policy in place that intentionally misclassified employees to illegally deprive them of their lawful overtime.

11. This affected several dozen employees and former employees of the Defendants, and **NAVARRO** observed that they would routinely work overtime but that they would not receive overtime compensation for those hours because the Defendants had intentionally misclassified them as "exempt."

12. **NAVARRO** repeatedly voiced his objections to **SMITH** regarding the illegal wage practices described above, but to no avail as **SMITH** refused to take any action to remedy the Defendants' repeated and ongoing violations of the FLSA.

13. **NAVARRO** also reported the illegal wage practice described above to Defendant's Human Resources Department in the first half of 2022, and changes were made. The Defendant cured the illegal wage practices for a few months until it hired an in-house recruiter/human resources associate, at which time it reverted back to the illegal wage practices sometime in February/March 2023.

14. Furthermore, and unbeknownst to **NAVARRO**, **SMITH** (on behalf of **GLOBAL**) had been surreptitiously monitoring and recording **NAVARRO**'s communications.

15. Specifically, in about May 2022, Defendant **SMITH** informed **NAVARRO** that he, on behalf of Defendant **GLOBAL**, had been recording his phone calls and conversations while at work.

16. When informed by **SMITH** that he had been recording his phone calls and conversations, **NAVARRO** suddenly realized why it was that **SMITH** always seemed to know what **NAVARRO** had just been talking to and what was going on at the office.

17. At no time prior did the Defendants ever inform **NAVARRO** that his phone calls and conversations would be recorded.

18. To record his phone calls and conversations, Defendant **SMITH** installed devices fully capable of audio transmission, and, on information and belief, intercepted and transmitted through either electric wires and/or the Internet all oral communications within their range to a remote electronic listening device.

19. This included calls made to and from the thousands of the Defendants' customers, who were never made aware of (nor consented to) the Defendants' audio recording of their telephone calls.

20. In deliberately planting these devices in **NAVARRO**'s workplace and having them transmit oral communications of **NAVARRO** over electrical wires and/or the Internet to Defendants' remote electronic listening device, **SMITH** intentionally used, endeavored to use, or procured another person to use or endeavor to use, electronic, mechanical, or other devices to intercept oral communications when such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication in violation of 18 U.S.C. § 2511(b).

21. On information and belief, Defendant **SMITH** passed on the information which he learned through his illegal electronic eavesdropping in **NAVARRO**'s workplace to his business associates and attempted to use the information, which he knew was obtained through the interception of a wire, oral, or electronic communication in violation of federal law. In doing so, the Defendants violated 18 U.S.C. § 2511(d).

22. At no time did **NAVARRO** consent to **SMITH**'s interception of his wire, oral, or electronic communications.

23. Pursuant to 18 U.S.C. § 2520, any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of Title 18, Part I, Chapter 119 (which encompasses all of the statutory sections cited in Count II) is entitled to recover appropriate relief in a civil action, including equitable relief, declaratory relief, damages, punitive damages, and reasonable attorneys' fees.

24. **NAVARRO** repeatedly objected to this, and to the FLSA violations, in the weeks just prior to his termination by the Defendants on April 3, 2023.

25. The Defendants informed **NAVARRO** he was being terminated without cause.

26. Prior to lodging his objections described above, the Defendants provided **NAVARRO** with positive performance reviews because **NAVARRO** had always performed his duties well and in a professional manner, and he was very well-qualified for the position he held.

27. Upon terminating **NAVARRO**, the Defendants sought to have **NAVARRO** release the foregoing claims against them by offering him the sum of $15,913.74. **NAVARRO** declined.

28. The Defendants terminated **NAVARRO** in violation of the FLSA and FWA.

## COUNT I – FLSA RETALIATION[1]

29. Plaintiff incorporates by reference Paragraphs 1-25, 7-13 and 24-28 of this Complaint as though fully set forth below.

30. At all material times, **NAVARRO** was an employee and Defendants were his employer, and a covered employer under the FLSA.

31. **NAVARRO** believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendants were violating the FLSA by not paying him overtime wages.

32. Defendants were aware of **NAVARRO**'s objection to Defendants' violations of the FLSA.

33. Defendants subjected **NAVARRO** to adverse employment action by terminating **NAVARRO**.

34. Defendants, in subjecting **NAVARRO** to adverse employment action, retaliated and discriminated against him because of complaints, objections and concerns raised by him to Defendants.

---

[1] This Count is brought against both defendants.

35. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, **NAVARRO** has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

36. As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **NAVARRO** is entitled to all relief necessary to make him whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE WIRETAP ACT

37. Plaintiff incorporates by reference Paragraphs 1-4, 6, 8-9 and 14-23 of this Complaint as though fully set forth below.

38. The Federal Wiretap Act prohibits the interception of any wire, oral, or electronic communications. "Any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may commence a civil action against the violator. 18 U.S.C. § 2510(12).

39. The Wiretap Act defines "Electronic Communication" broadly to include "any transfer of signs, signals, writings, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system that affects interstate or foreign commerce..." 18 U.S.C. § 2510(12).

40. "Interception" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any mechanical, or other device." 18 U.S.C. § 2510(4).

41. "Contents" means to "include any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8).

42. Plaintiff is a "person" whose wire, oral or electronic communications were intercepted within the meaning of 18 U.S.C. § 2520.

43. Defendants **GLOBAL** and **SMITH** are both a "person" within the meaning of 18 U.S.C. §§ 2510.

44. Defendants **GLOBAL** and **SMITH** intentionally intercepted, endeavored to intercept, and/or procured another person to intercept or endeavor to intercept, Plaintiff's wire, oral, or electronic communication.

45. By surreptitious means, Defendants **GLOBAL** and **SMITH** acquired the contents of Plaintiff's oral communications, which were uttered by her as a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation.

46. Defendants **GLOBAL** and **SMITH** acquired and maintained Plaintiff's oral communications without Plaintiff's knowledge or consent.

47. To do so, Defendants did not use any telephone or telegraph instrument, equipment or facility, or any component thereof furnished to them by a provider of wire or electronic communication service (like a phone company) in the ordinary course of their business that was used by the Defendants in the ordinary course of their business or furnished by the Defendants for connection to the facilities of such service and used in the ordinary course of their business.

48. The recording device(s) used by the Defendants do not fall within the business (or telephone) extension exemption.

49. Defendants exclusively used a recorder(s) to acquire (or intercept) the telephone calls and conversations of the Plaintiff. The recorder was purchased by Defendants and not provided by the telephone company. Furthermore, there is no evidence that any of the conversations that provide the basis for Plaintiffs' claims were listened to via the telephone connected to the extension line.

50. In violation of 18 U.S.C. § 2511(1)(a), Defendants **GLOBAL** and **SMITH** willfully and intentionally intercepted Plaintiff's wire, oral or electronic communications by surreptitiously recording them without Plaintiff's knowledge or consent.

51. The Plaintiff's phone calls and conversations would not have been heard but for the recording device(s) used by the Defendants.

52. In violation of 18 U.S.C. § 2511(1)(c), Defendants **GLOBAL** and **SMITH** willfully and intentionally used the contents of such intercepted wire, oral, or electronic communications, knowing that the information was obtained unlawfully in violation of 18 U.S.C. § 2511.

53. Plaintiff, and the hundreds (if not thousands) of customers and other callers, had a justifiable expectation that their wire, oral or electronic communications were not subject to interception by Defendants **GLOBAL** and **SMITH**.

54. By reason of the foregoing, Plaintiff is entitled to an award of the greater of his actual damages, or statutory damages pursuant to 18 U.S.C. § 2520(c).

55. In light of the egregious nature of the actions of Defendants **GLOBAL** and **SMITH**, Plaintiff is further entitled to punitive damages and reimbursement of his reasonable attorney's fees, together with the costs and disbursements of this action, as provided by 18 U.S.C. § 2520(b)(2) and (3).

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a Judgment in his favor and against Defendant **GLOBAL** for an amount consistent with

evidence and statutory damages, together with punitive damages, the costs of litigation, interest, and reasonable attorneys' fees.

### COUNT III –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT[2]

56. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

57. The Plaintiff was an employee of the Defendant, a private company.

58. At all material times, the Plaintiff was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

---

[2] This Count is brought against Defendant Global only.

59. The Plaintiff did engage in statutorily protected activity by his objection to, and refusal to participate in, the Defendant's violations of law.

60. After engaging in statutorily protected activity, the Plaintiff suffered negative employment action – his termination – which is a direct result of his statutorily protected activity.

61. The Plaintiff's termination and his engaging in statutorily protected activity are causally related.

62. The Defendant knew that the Plaintiff was engaged in protected conduct as referenced herein and took adverse action against him because of it.

63. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, the Plaintiff has lost benefits and privileges of his employment and has been substantially and significantly injured in his career paths that was anticipated from his employment.

64. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against his, the Plaintiff is entitled to all relief necessary to make him whole.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(b) reinstatement of full fringe benefits and seniority rights,

(c) compensation for lost wages, benefits, and other remuneration,

(d) any other compensatory damages allowable at law,

(e) attorney's fees, court costs and expenses, and

(f) such other relief this Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT[3]

65. The Plaintiff realleges and incorporates Paragraphs 1-3 and 7-9 in this Count by reference.

66. A contract existed between **NAVARRO** and the Defendant.

67. Both **NAVARRO** and the Defendant agreed to those terms, which were clear and unambiguous.

68. **NAVARRO** fully and satisfactorily performed his duties under the contract.

69. The Defendant has breached the contract by refusing to pay **NAVARRO** the full amount of the sums due under the terms of the contract.

70. More specifically, the Defendant has refused to pay **NAVARRO** based upon the gross profits, but instead arbitrarily decided to pay him on the net profit instead, which is a breach of the contract.

71. **NAVARRO** has been damaged as a result of the Defendant's breach of the contract.

---

[3] This Count is brought against Defendant Global only.

72. This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 23, 2023     **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT &DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com